Clay Frechett, Administrator, Appellee, v. Illinois Central Railroad Company, Appellant.

(Not to be reported in full.)

Appeal from the Circuit Court of Pulaski county; the Hon. WILLIAM N. BUTLER, Judge, presiding. Heard in this court at the March term, 1914. Reversed and remanded. Opinion filed July 28, 1914.

## Statement of the Case.

Action by Clay Frechett, administrator of the estate of Lewis W. Johnston, deceased, against the Illinois Central Railroad Company to recover for wrongfully causing the death of deceased.

The declaration consisted of five counts which are distinguished as follows:

The first count simply charges negligence in the handling of the train run at excessive rate of speed in the nighttime, without bell or whistle being sounded and without a headlight.

The second count, and the count under which defendant was found guilty, charges that the railroad of defendant crossed a certain traveled way in said village used by the public as a crossing for pedestrians at a point a short distance north of the passenger station at Ullin and had been so used for fifteen years, and as deceased was traveling as heretofore mentioned, defendant, by its servants, as heretofore mentioned drove a certain train towards the traveled way and while deceased was rightfully traveling upon said traveled way defendant willfully, wantonly and negligently drove and managed said train in that the locomotive was without a headlight, although dark, and was run at a reckless and dangerous speed in Ullin, to wit, forty-five miles per hour, and no bell or whistle sounded, and that by and through the carelessness,

wantonness and willful negligence Johnston was killed.

The third count charges the traveled way was used by the public by and with consent, acquiescence and invitation of defendant, in other respects similar to the first count.

The fourth count charges a public highway to be at the place where Johnston was killed and negligent operation as in the first count.

The fifth count also charges a public highway and failure to give statutory signals.

Defendant to this declaration filed the plea of not guilty, and upon trial of the issues so joined by a jury a verdict was returned finding defendant guilty as charged in the second count of the declaration and fixing plaintiff's damages at the sum of eight thousand dollars. A motion for new trial was overruled. From a judgment entered on the verdict, defendant appeals.

The facts show that at the place where the deceased was struck by the train the defendant had constructed a cinder walk leading up to its tracks nearly opposite its depot, that the walk had been used by pedestrians and that the deceased on the morning of the accident, before daylight, left his residence to go to his place of business and proceeded along this walk until he came to defendant's tracks and when he attempted to cross the tracks was struck by a through train. There was a controverted question of fact as to the time of the accident and as to what train struck deceased.

L. M. BRADLEY, W. W. BARR and CHARLES E. FEIRICH, for appellant; BLEWETT LEE and W. S. HORTON, of counsel.

WALL & MARTIN and JAMES LINGLE, for appellee.

MR. JUSTICE HARRIS delivered the opinion of the court.

Frechett v. Illinois Central R. Co., 188 Ill. App. 377.

## Abstract of the Decision.

1. PLEADING, § 466*—*when defective count in declaration suffi-cient after verdict.* A count in a declaration which states a good cause of action in a defective way is good after verdict.

2. RAILROADS, § 583*—*when evidence of wanton or wilful negli-gence sufficient to go to jury.* In an action against a railroad com-pany to recover for the death of a pedestrian alleged to have been struck by one of defendant's through trains while the deceased was attempting to cross defendant's tracks near its depot, evidence *held* sufficient to go to the jury on the question whether the defendant was guilty of wanton and willful negligence, it appearing that at the place where deceased attempted to cross the tracks the defend-ant had constructed a cinder path leading up to its tracks, and that the engine was running at a high and dangerous rate of speed, without a headlight or a bell being rung.

3. RAILROADS, § 577*—*admissibility of evidence.* In an action against a railroad company for wrongfully causing the death of plaintiff's intestate alleged to have resulted through the negligent operation of defendant's train so as to strike the deceased when he was attempting to cross defendant's tracks at a point near de-fendant's depot, evidence as to the locality, streets and cross-streets, location of depot and acts of the defendant in the building of a cinder walk, tending to prove that the travel of such way was by the defendant's invitation, *held* properly admitted.

4. RAILROADS, § 593*—*when instruction as to wilful and wanton negligence erroneous.* In an action against a railroad company to recover for the death of a pedestrian alleged to have been caused by being struck by one of defendant's trains while deceased was attempting to cross defendant's railroad tracks, an instruction directing the jury to find for plaintiff if they believed from the evi-dence that the defendant carelessly and negligently operated its train in the manner and form as charged in the declaration and that such negligence amounted to wanton and wilful negligence, *held* erroneous as not confining the jury to a count in the declaration in which wanton and wilful negligence was charged and also ob-jectionable as not stating the facts that constitute wanton and wil-ful negligence.

5. DEATH, § 73*—*when instruction on question of damages ob-jectionable.* In an action for death resulting from wrongful act, an instruction stating that the plaintiff is not required "to furnish, in the proofs, any definite or specific basis for the computation of said damages, but that such question is for the jury to deter-mine as practical men according to the evidence and all the facts

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

and circumstances proven in the case," *held* objectionable as not limiting the pecuniary injuries resulting to the widow and next of kin, and the giving of the instruction *held* reversible error.